# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael C. Vandenbergen,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Beatriz J. Doyle; et al.,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-00875-ART-DJA<br><br>**Order** |

 Before the Court is *pro se* Plaintiff Michael C. Vandenbergen's application to proceed *in forma pauperis* (without paying the filing fee) (ECF No. 1) and complaint (ECF No. 1-1). Plaintiff's application contains inconsistent answers. The Court thus denies the application and will require Plaintiff to file a completed application.

 Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

 The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271

Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

In response to question 2, Plaintiff claims to make no money but then asserts that he receives money from various sources in response to question 3. (ECF No. 1 at 1). In response to the remainder of the questions, Plaintiff claims to make no money and have no bills. (*Id.* at 2). On the docket, Plaintiff includes an address. The Court takes judicial notice of the fact that public records reveal the address is a house. But Plaintiff does not provide any details in the application regarding how he pays rent, how he pays utilities or other bills, or how he lives considering his claim to have no money and no bills. The Court finds that Plaintiff has omitted information from the application. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court thus denies Plaintiff's application and will give him a chance to file a completed application. In that application, Plaintiff must not respond with a zero or "not applicable" to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money he receives, state the amount he receives, and what he expects to receive in the future. Plaintiff may alternatively pay the filing fee in full. Because the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **June 12, 2024** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. **Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and the short form application for a non-inmate to proceed *in forma pauperis* and its accompanying instruction packet.[1]

DATED: May 14, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.